# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:22-cv-00256-MR

| | |
|---|---|
| SHAQUIL MITTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HENDERSON COUNTY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 4, 8].

## I.  BACKGROUND

Pro se Plaintiff Shaquil Mitter ("Plaintiff") is a pretrial detainee at the Henderson County Detention Center in Hendersonville, North Carolina. He filed this action on December 2, 2022, pursuant to 42 U.S.C. § 1983, against Defendants Henderson County, the Henderson County Sheriff's Office ("Sheriff's Office"), and the Henderson County Detention Center (the "Jail"). [Doc. 1]. Plaintiff does not assert which constitutional rights he contends were violated, but his allegations implicate the Fourteenth Amendment. Plaintiff alleges as follows. On October 13, 2022, at approximately 8:00 a.m.,

Nurse Libby came to Plaintiff's cell at Defendant Jail and provided him pain medicine for a toothache. Thinking the medication was aspirin or Ibuprofen, Plaintiff took it. Plaintiff is allergic to Tylenol, which has been documented in his medical chart "for as long as the first time [he] have entered" the Jail. After learning the medication was Tylenol, Plaintiff told Nurse Libby. She walked off, waving her hand at Plaintiff. Plaintiff suffered for hours after taking the Tylenol. He vomited, had stomach pains and blood in his stool, and suffered dangerously high blood pressure, which continues today. At approximately 3:00 a.m., presumably the next day, Plaintiff was finally taken to Pardee Hospital. There he went through "horrifying procedures and scans." Plaintiff's organs were inflamed. Plaintiff alleges that he could have died due to Nurse Libby's "neglect" and the correctional officers not taking the matter seriously. [Doc. 1 at 3-4].

For relief, Plaintiff seeks monetary damages, his charges dropped, and apology from Nurse Libby and the Sheriff's Office. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A

the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff here claims that Nurse Libby provided him a medication that he is allergic to, that the allergy was documented in his medical chart, and that

Nurse Libby ignored Plaintiff's request for help after he took the Tylenol.

Plaintiff has not named a proper Defendant in this action. Defendant Jail is not a proper Defendant in this matter because it is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). As such, Plaintiff has failed to state a claim against this Defendant and the Court will dismiss it.

Next, the Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978)). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38). Counties and cities, which are bodies politic, have this same status under § 1983. Hayes v. South Carolina, No. 3:11-1807-JFA-KFM, 2011 WL 4715165, at *4 (D.S.C. Aug. 9, 2011). Plaintiff here does not allege that any official policy was the moving force behind or

4

Case 1:22-cv-00256-MR   Document 9   Filed 02/08/23   Page 4 of 7

otherwise played a part in any constitutional violation. The Court, therefore, will also dismiss Henderson County and the Henderson County Sheriff's Office as a Defendant in this matter.

Finally, the body of the Complaint contains allegations against individuals, including Nurse Libby and "correctional officers," who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

The Court, therefore, concludes that Plaintiff has failed to state a claim for relief against any Defendant in this action. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief in accordance with the terms of this Order.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted against a proper defendant. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants Henderson County, Henderson County Sheriff's Office, and Henderson County Detention Center are **DISMISSED** as Defendants in this matter on initial review.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge