# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:22-cv-00256-MR

| | |
|---|---|
| SHAQUIL MITTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LIBBY LNU, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 11], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's letter, [Doc. 10]. Plaintiff is proceeding in forma pauperis. [Docs. 4, 8].

## I.   BACKGROUND

Pro se Plaintiff Shaquil Mitter ("Plaintiff") is a pretrial detainee at the Henderson County Detention Center in Hendersonville, North Carolina. He filed this action on December 2, 2022, pursuant to 42 U.S.C. § 1983, against Defendants Henderson County, the Henderson County Sheriff's Office ("Sheriff's Office"), and the *Henderson* County Detention Center (the "Jail"). [Doc. 1]. Plaintiff's Complaint failed initial review and these Defendants were dismissed. [Doc. 9]. The Court allowed Petitioner to amend his Complaint to

state a claim for relief in accordance with the Court's Order. [Doc. 9 at 5-6]. Plaintiff was advised that an amended complaint would supersede his original Complaint and that piecemeal amendment would not be allowed. [Id. at 6]. Plaintiff's Amended Complaint is now before the Court on initial review. [Doc. 11].

In his Amended Complaint, Plaintiff names the following Defendants: (1) Libby LNU, identified as the head nurse; (2) FNU Moody, identified as a Sheriff's Office Deputy; and (3) FNU Kane, identified as a Sheriff's Office Correctional Officer, all in their individual and official capacities. [Id. at 1-3]. Plaintiff alleges as follows. On October 13, 2022, at 8:00 a.m., Plaintiff was given Tylenol by Defendant Libby LNU[1] for a toothache. Plaintiff realized he may have been given medication to which he was allergic, such allergy having been documented in his medical chart. Almost instantly, Plaintiff started getting hives. Plaintiff also experienced blood in his stool and vomit. Plaintiff's symptoms were ignored for almost 20 hours. Finally, Defendant Kane checked on Plaintiff, saw blood in Plaintiff's stool, and called EMS. "They" told Defendant Moody that Plaintiff needed to be sent to the emergency room. [Id. at 5].

---

[1] Plaintiff's Amended Complaint also suggests that "Officer Joe" may also have been involved in giving Plaintiff Tylenol. [See Doc. 11 at 5]. Plaintiff, however, makes no further allegations regarding "Officer Joe" and does not name him as a Defendant.

For injuries, Plaintiff claims he suffered dangerously elevated blood pressure, inflamed organs, and pain and was subjected to "cat scans and horifying procedures." [Id. (errors uncorrected)].

For relief, Plaintiff seeks $20 million and payment for all medical expenses. Plaintiff brings his Complaint under 42 U.S.C. § 1983, but he does not identify what constitutional right he contends was violated. [Doc. 11 at 3]. Rather, he seeks relief for "neglect [and] misdiagnosing [him]."

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional

3

scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Amended Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[2] Estelle v. Gamble, 429

---

[2] Because the Plaintiff was a pre-trial detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See Moss v. Harwood, 19 F.4th 614, 624 n.4 (4th Cir. 2021) (noting that, "under Kingsley v. Hendrickson, 576 U.S. 389, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015), pretrial detainees bringing excessive force claims under the Fourteenth Amendment are no longer required to satisfy the analogous subjective component that governs the Eighth Amendment excessive force claims of convicted prisoners ... [however] the Supreme Court has not extended Kingsley beyond the excessive force context to deliberate indifference claims, ... and neither has our court...."); Mays v. Sprinkle, 992 F.3d 295, 300-02 (4th Cir. 2021)

4

U.S. 97, 104 (1976).  To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate.  Id.  "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care."  Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).  "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim.  Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.").  To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety."  Farmer, 511 U.S.

---

(declining to decide whether a pretrial detainee must satisfy the subjective component of the Eight Amendment deliberate indifference standard).

5

Case 1:22-cv-00256-MR   Document 12   Filed 03/07/23   Page 5 of 9

at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38). Plaintiff here does not allege that any official

6

Case 1:22-cv-00256-MR   Document 12   Filed 03/07/23   Page 6 of 9

policy was the moving force behind or otherwise played a part in any constitutional violation. The Court, therefore, will dismiss Plaintiff's official capacity claims against all Defendants.

As to the individual capacity claims, taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim under § 1983 against any Defendant. Plaintiff alleges that Defendant LNU gave Plaintiff medication that he is allergic to despite the allergy being documented in his medical chart. While these allegations might support a claim for negligence, they do not support a claim for deliberate indifference. That is, Plaintiff has not alleged that any Defendant "actually knew of and disregarded a substantial risk of serious injury" to Plaintiff. See Young, 238 F.3d at 575-76. Moreover, while Plaintiff alleges that his medical needs were ignored for 20 hours, he does not allege that any named Defendant was aware of his condition and failed to act. Rather, Plaintiff alleges that Defendant Kane called EMS when he checked on Plaintiff and saw blood in Plaintiff's stool and that Defendant Moody was told that Plaintiff needed to go to the emergency room. Plaintiff's individual capacity claims, therefore, will also be dismissed.

The Court, however, will allow Plaintiff one more chance to amend his Complaint to properly state a claim for relief in accordance with the terms of

this Order.

## IV. PLAINTIFF'S LETTER

Also before the Court is an improper letter filed by Plaintiff. [Doc. 10]. In this letter, Plaintiff makes various requests for assistance and information, including a request for counsel in this matter. [See id.]. It is not the duty of the Clerk's Office or this Court to educate and advise Plaintiff on how to prosecute this action. The Court will strike Plaintiff's letter. Plaintiff is admonished that he should familiarize himself with the Order of Instructions [Doc. 3], the Federal Rules of Civil Procedure, and the Local Rules of this Court before filing further documents with this Court.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Amended Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to again amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted against a proper defendant. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the original and first Amended Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with the terms of this Order, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A.,

790 Fed. App'x 535, 536 (4th Cir. 2020).

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to again amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed with prejudice in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants in their official capacities are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's letter [Doc. 10] is **STRICKEN** from the record in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: March 7, 2023

Martin Reidinger
Chief United States District Judge