# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:22-cv-00256-MR

| | |
|---|---|
| SHAQUIL MITTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LIBBY LNU, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint, [Doc. 13], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 4, 8].

## I.  BACKGROUND

Pro se Plaintiff Shaquil Mitter ("Plaintiff") is a pretrial detainee at the Henderson County Detention Center in Hendersonville, North Carolina. He filed this action on December 2, 2022, pursuant to 42 U.S.C. § 1983, against Defendants Henderson County, the Henderson County Sheriff's Office ("Sheriff's Office"), and the Henderson County Detention Center (the "Jail"). [Doc. 1]. Plaintiff's Complaint failed initial review and these Defendants were dismissed. [Doc. 9]. The Court allowed Petitioner to amend his Complaint to

state a claim for relief in accordance with the Court's Order. [Doc. 9 at 5-6]. Plaintiff was advised that an amended complaint would supersede his original Complaint and that piecemeal amendment would not be allowed. [Id. at 6]. Plaintiff timely filed an Amended Complaint. [Doc. 11]. In his Amended Complaint, Plaintiff named the following Defendants: (1) Libby LNU, identified as the head nurse; (2) FNU Moody, identified as a Sheriff's Office Deputy; and (3) FNU Kane, identified as a Sheriff's Office Correctional Officer, all in their individual and official capacities. [Id. at 1-3]. Plaintiff did not identify what constitutional right he contends was violated. [Doc. 11 at 3]. Rather, he sought relief for "neglect [and] misdiagnosing [him]." [Id. at 3, 5]. Plaintiff's Amended Complaint failed initial review. [Doc. 12]. The Court explained that Plaintiff's allegations might support a claim of negligence, but they did not support a claim for deliberate indifference to his serious medical needs under the Eighth Amendment. [Id. at 7]. The Court also explained that Plaintiff had failed to state an official capacity claim against any of the Defendants because he did not allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation. [Id. at 6-7].

The Court, however, allowed Plaintiff one more chance to amend his Complaint to properly state a claim for relief. [Id. at 7-8]. The Court

2

admonished Plaintiff that piecemeal amendment would not be allowed and that this action would be dismissed with prejudice if Plaintiff failed to properly amend his Complaint. [Id. at 8].

Plaintiff timely failed a Second Amended Complaint, which is now before the Court on initial review. [Doc. 13]. In his Second Amended Complaint, Plaintiff names Defendant Libby LNU in her official capacity only. [Id. at 2]. Plaintiff alleges as follows.

On October 13, 2022, at 8 a.m., while detained at the Jail, Defendant LNU gave Plaintiff Tylenol for a toothache. Plaintiff's medical jacket states that he is allergic to Tylenol. After Plaintiff's roommate told him that it was Tylenol, Plaintiff asked Defendant LNU. She waved Plaintiff off. Plaintiff had another inmate "speak out to her" and she also waved off the other inmate. After a short time, Plaintiff broke out in hives, "started getting sick and vomiting and having stools." There was blood in Plaintiff's vomit and stools. Plaintiff hit his call button for help and staff told him "to prove it." Plaintiff laid on the floor of his cell for 20 hours. Finally, Officer Kane came to his cell, saw the blood, and called Officer Moody. They took Plaintiff's blood pressure, which was very high. Officers Kane and Moody called "the nurse" and she told them to just observe the Plaintiff. Officers Kane and Moody continued to take Plaintiff's blood pressure, which was "out the roof." Finally, they

called EMS and Plaintiff was taken to the hospital. Plaintiff's organs were inflamed from the Tylenol. Plaintiff was attached to an IV, underwent CAT scans, and was given blood pressure medication on his release. [Id. at 5].

Plaintiff claims "neglect and misdiagnosing, malpractice," as well as "violation of [his] XIV Amendment constitutional right by depriving [him] of life." [Id. at 3]. For injuries, Plaintiff states that he now takes blood pressure medication, underwent CAT scans, and has residual stomach pain and "blood clots in [his] stool." [Id. at 6]. Plaintiff seeks $10 million in damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon

clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Amended Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

As Plaintiff was previously apprised, suits against an officer in her official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S.

115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

In his Second Amended Complaint, Plaintiff again fails to allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation. The Court, therefore, has again failed to state a claim against Defendant LNU, who Plaintiff sues in her official capacity only. The Court will dismiss this action with prejudice.[1] See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020). Despite multiple opportunities to amend his Complaint, along with explanations of his deficiencies and admonishments of the consequences to properly amend, Plaintiff has again failed to state any claim for relief. The Court cannot write Plaintiff's Complaint for him. Nor can it create claims where there are none.

---

[1] Because Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983, the Court declines to consider any claim Plaintiff intended to bring for negligence or medical malpractice. The Court will dismiss these claims without prejudice to Plaintiff bringing them in the proper court.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Second Amended Complaint with prejudice except as to Plaintiff's state law claims, which will be dismissed without prejudice to Plaintiff's bringing those claims in the proper court.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Second Amended Complaint [Doc. 13] is **DISMISSED** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: April 3, 2023

Martin Reidinger
Chief United States District Judge